IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 25–cv–03343–PAB–MDB

ERIC CABRERA,

      Plaintiff,

v.

EMORTGAGE FUNDING LLC,

      Defendant.

---

## ORDER

---

This matter is before the Court on Defendant's Motion to Vacate Entry of Default.

(["Motion"], Doc. No. 15.) Plaintiff has responded in opposition to the Motion (Doc. No. 18),

and Defendant has replied in support (Doc. No. 21.) After reviewing the Motion, briefing and

relevant law, the Court **GRANTS**[1] Defendant's Motion.

### SUMMARY FOR *PRO SE* PLAINTIFF

The Court is granting Defendant's Motion to Vacate Entry of Default. There are several

factors courts consider when determining whether to set aside a Clerk's Entry of Default. Here,

---

[1] "The Court's ruling on [a motion to set aside a Clerk's entry of default] is non-dispositive as it does not remove any claim or defense from this case." *Barak v. Rooster's Guide & Outfitting Adventures*, 2020 WL 9424264, at *1 n. 2 (D. Colo. Apr. 28, 2020) (citing *Goodwin v. Hatch*, 2018 WL 3454972, at *4 (D. Colo. July 18, 2018), *aff'd*, 781 F. App'x 754 (10th Cir. 2019)("A motion to set aside a Clerk's entry of default (as opposed to grant or set aside a default judgment) is considered a non-dispositive motion that a Magistrate Judge can decide directly under 28 U.S.C. § 636(b)(1)(A), rather than addressing by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B)." (citation omitted)).

they all weigh in favor of setting it aside. Specifically, Defendant's delay in entering the case

does not appear to be willful. Additionally, Defendant was relatively quick to file this Motion

after Entry of Default. Thus, any delay or related prejudice is minimal. Additionally, the Tenth

Circuit has a strong preference for deciding cases on their merits rather than on default, and here,

the circumstances warrant precisely that: hearing the case on the merits. This is only a high-level

summary of the Court's Order, which is set forth in full below.

## BACKGROUND

Plaintiff, proceeding *pro se*, initiated this action on October 23, 2025. (Doc. No. 1.) On

November 14, 2025, Plaintiff submitted proof of service as to Defendant. (Doc. No. 8.) The

document indicates a process server delivered the Summons and Complaint to "Jassell Mansoor"

at 888 Dry Beaver Road in Troy Michigan, on October 30, 2025. (*Id.*) Defendant did not respond

within 21 days of this event, and Plaintiff moved for an entry of default on December 2, 2025.

(Doc. No. 10.) The Clerk of Court granted Plaintiff's request the following day. (["Entry of

Default"], Doc. No. 11.) Plaintiff has since moved for default judgment. (Doc. Nos. 17; 23; 24.)

In the Motion, Defendant asks the Court to vacate the Entry of Default. (*See* Doc. No.

15.) Defendant argues: (a) it was not properly served, (b) its delay was not the result of culpable

conduct, (c) Plaintiff will not be prejudiced, and (d) it has meritorious defenses. (*Id.* at 3–7.)

## LEGAL STANDARD

Courts "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "In

deciding whether to set aside an entry of default, courts may consider, among other things,

'whether the default was willful, whether setting it aside would prejudice the adversary, and

whether a meritorious defense is presented.'" *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F.

App'x 744, 750 (10th Cir. 2009) (quoting *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992)). "A court need not consider all of the factors, and may consider other factors as well." *Guttman v. Silverberg*, 167 Fed. Appx. 1, 4 (10th Cir. 2005). The Court is guided by the Tenth Circuit's strong preference for deciding cases on the merits as opposed to default. *See Rains v. Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991).

## ANALYSIS

Weighing the applicable factors, the Court determines the Entry of Default should be set aside. First, there is no indication Defendant willfully defaulted in this manner. It is not clear if Plaintiff's service of Ms. Mansoor—whose job title is unclear—at Defendant's Troy, Michigan office[2] constituted proper service. But there is no dispute that Plaintiff did not serve Defendant's registered agent, and it is reasonable to believe that actual notice of this suit was delayed. *See Ward v. Lutheran Med. Ctr.*, 2019 WL 7630809, at *2 (D. Colo. Dec. 12, 2019) ("[C]ourts have set aside default where the defendants were unaware of the lawsuit." (citing *United States v. Talmage*, 2016 WL 7007321, at *2 (D. Utah. Nov. 30, 2016))), *report and recommendation adopted*, 2020 WL 1951580 (D. Colo. Apr. 23, 2020).

Second, to the extent Plaintiff would suffer any prejudice from setting aside the Entry of Default, such prejudice would be minimal at best. The Entry of Default was just six days old when the Motion was filed. This is not a case where the "adversary process has been halted because of an essentially unresponsive party." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991). To the contrary, Defendant seems to have acted with reasonable speed and diligence. *See Apex Mobility Transp., LLC v. First Transit, Inc.*, 2015 WL 59553, at *4 (D. Colo. Jan. 2, 2015)

---

[2] Plaintiff describes this as Defendant's "principal office." (Doc. No. 18 at 1.)

(finding no prejudice to the plaintiff "because Defendant moved to vacate the entry of default within two weeks of the Clerk's entry of default...."); *Procom Supply, LLC v. Langner*, 2012 WL 2366617, at *3 (D. Colo. June 21, 2012) (finding no prejudice in setting aside entry of default when the defendant filed a motion for relief three days after default was entered); *Zen & Art of Clients Server Computing, Inc. v. Res. Support Assocs., Inc*., 2006 WL 1883173, at *2 (D. Colo. July 7, 2006) (finding no prejudice where counsel entered an appearance seven days after the entry of default and filed a motion for relief ten days after default was entered). Said another way, Plaintiff has suffered little, if any, delay in pursuing his claims. *See SecurityNational Mortg. Co. v. Head*, No. 2014 WL 4627483, at *3 (D. Colo. Sept. 15, 2014) ("Prejudice is established when a plaintiff's ability to pursue the claim has been hindered."); *Lacy v. Sitel Corp.,* 227 F.3d 290, 293 (5th Cir. 2000) ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." (citation and internal quotation omitted).)

Finally, though Defendant acknowledges its "investigation remains ongoing," Defendant has alleged sufficient facts to support meritorious defenses. (*See* Doc. No. 15 at 5–7); *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010) (noting that "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense").

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion to Vacate Entry of Default (Doc. No. 15) is **GRANTED**. The Clerk of Court is directed to **VACATE** the Entry of Default. (Doc. No. 11.) It is further

**ORDERED** that Plaintiff's Motion to Expedite Ruling on Defendant's Motion to Vacate Entry of Default (Doc. No. 19) is **DENIED as moot**.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff:

Eric Cabrera
1312 Snowshoe Court
Woodland Park, CO 80863

Dated this 23rd day of January, 2026.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge